JOHN B. BULGOZDY, Cal. Bar No. 219897
Email: bulgozdyj@sec.gov
GARY Y. LEUNG, *L.R. 83-2.4.1 leave to practice granted*
Email: leungg@sec.gov
JANET E. MOSER, Cal. Bar No. 199171
Email: moserj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Lorraine B. Echavarria, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ALETHEIA RESEARCH AND MANAGEMENT, INC., and PETER J. EICHLER, JR.,<br><br>Defendants. | Case No. CV12-10692 JFW (RZx)<br><br>**JUDGMENT AS TO DEFENDANT ALETHEIA RESEARCH AND MANAGEMENT, INC.** |

The Securities and Exchange Commission having filed a Complaint and Defendant Aletheia Research and Management, Inc. having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from

violating, directly or indirectly, Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act ("Advisers Act"), 15 U.S.C. § 80b-6(1), (2) and (4), and Rules 206(4)-7(a) and 206(4)-8(a) promulgated thereunder, 17 C.F.R. §§ 275.206(4)-7(a) and 275.206(4)-8(a), by using the mails or any means of instrumentality of interstate commerce:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client;

    (b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

    (c)    to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative.

## III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 207 of the Advisers Act, 15 U.S.C. § 80b-7, and Rule 204-1(a)(2) promulgated thereunder, 17 C.F.R. § 275.204-1(a)(2), by:

    (a)    willfully making any untrue statement of a material fact in any registration application or report filed with the Commission under Section 203 or Section 204 of the Advisers Act, 15 U.S.C. §§ 80b-3 and 80b-4; or

    (b)    willfully omitting to state in any such application or report any material fact which is required to be stated therein.

## IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment

by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 204A of the Advisers Act, 15 U.S.C. § 80b-4A, and Rule 204A-1(a) promulgated thereunder, 17 C.F.R. § 275.204A-1(a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e). The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from August 15, 2009, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion:  (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the judgment for disgorgement and penalties, if any, in favor of the Commission shall not be an allowed claim in the Defendant's bankruptcy case,

1. pending before the Bankruptcy Court for the Central District of California (the
2. "Bankruptcy Court"), Case No. 2:12-BK-47718-BR (the "Bankruptcy Case"),
3. unless and until, the Bankruptcy Court enters an order after the Defendant and the
4. Commission provide notice and an opportunity for hearing to all partie sin interest
5. in the Bankruptcy Case to object to the claim.  In addition, the rights of the
6. Defendant and parties in interest to the Bankruptcy Case to assert that the
7. Commission's Claim is subject to section 726(a)(4) of title 11 of the United States
8. Code (the "Bankruptcy Code") are preserved.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  September 16, 2013

_____
UNITED STATES DISTRICT
JUDGE JOHN F. WALTER

cc: bankruptcy court